[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10423

Non-Argument Calendar

_____

In re: CALVIN DAVID FOX,

                                                                          Debtor.

_____

CALVIN DAVID FOX,

                                                            Plaintiff-Appellant,

*versus*

ROBIN R. WEINER,
Chapter 13 Trustee,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-81431-AMC,
Bkcy No. 21-bk-15870-EPK

———————————

Before JORDAN, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Calvin David Fox appeals the bankruptcy court's orders dismissing his appeals to the district court, and the district court's denial of his motion to reconsider its affirmance of those orders. After careful consideration, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

*Bankruptcy Court Proceedings*

Fox, previously represented by counsel, filed for Chapter 13 bankruptcy in 2021. The bankruptcy court approved a repayment plan that required Fox to pay $550 a month for five years. Fox lost his job in 2023 and fell behind on the required payments. After a period of missed installments, the bankruptcy trustee filed a notice of delinquency in the bankruptcy court. When Fox failed to catch up on his payments, the bankruptcy court dismissed his case.

After the dismissal, Fox's attorney stopped participating in the case, but Fox persisted pro se. He filed a motion to reinstate the case, suggesting that the bankruptcy court may have missed the letter he had sent to the trustee explaining his current situation and

intention to catch up on payments. The bankruptcy court denied this motion. Fox then filed a motion to extend the appeal deadline, which the bankruptcy court also denied after finding that good cause did not exist for an extension. In its order, the bankruptcy court noted that since Fox's counsel had not withdrawn, it could have denied Fox's motion because it was filed pro se by a represented party. However, the bankruptcy court did not deny the motion on that basis.

Fox moved to reconsider, arguing that the bankruptcy court should not have denied the motion because it was filed pro se. He explained he was having difficulties with his attorney and repeated his request for an extension. The bankruptcy court denied the motion. Undeterred, Fox filed a motion to accept the trustee's final report as an amended bankruptcy plan. This motion argued that the bankruptcy court should accept the trustee's report as an amended plan because Fox had been illegally fired from his job due to a Racketeer Influenced and Corrupt Organizations Act conspiracy. The bankruptcy court set a hearing on the motion, and Fox's counsel moved to withdraw from representation.

After the hearing several things happened over the span of two days. First, Fox filed a notice of appeal to the district court regarding the bankruptcy court's order dismissing his case. In that motion, Fox also appealed "all subsequent orders" of the bankruptcy court. Second, Fox moved to waive the appeal filing fee. Third, the bankruptcy court granted Fox's counsel's motion to withdraw. Fourth, the bankruptcy court dismissed Fox's appeal as

untimely.  Fifth, the bankruptcy court denied Fox's motion to waive the appeal filing fee as moot, and sixth, the bankruptcy court denied Fox's motion to accept the trustee's final report as an amended plan.

Fox filed another notice of appeal to the district court, this time for the order of dismissal and the orders the bankruptcy court entered after the hearing.  He also moved again for a fee waiver.  The bankruptcy court dismissed the appeal as untimely regarding all its orders except for the order denying the fee waiver and the order denying Fox's motion to accept the trustee's final report as an amended plan.  The bankruptcy court then granted Fox's second request for a fee waiver.

Roughly a month later, the bankruptcy court dismissed Fox's appeal regarding these two orders because he had failed to file a designation of items for the record or a statement of issues, as required by the bankruptcy rules.  *See* Fed. R. Bankr. P. 8009; Bankr. S.D. Fla. R. 8009-1(A).  The bankruptcy court then dismissed the trustee and closed the case.

### District Court Proceedings

Fox filed a "response" to the bankruptcy court's order dismissing his appeal in the district court.  He moved to strike the order as exceeding the bankruptcy court's authority.  The district court denied the motion with a paperless order, stating that the appeal was properly dismissed.  Nevertheless, Fox moved for the district court to reconsider its affirmance of the bankruptcy court's dismissal.  The district court issued a second paperless order

affirming that the appeal was properly dismissed and denying Fox's motion as "frivolous."  Fox appealed.

## STANDARD OF REVIEW

"When reviewing a district court's appellate review of a bankruptcy court's decision, we apply the same standards of review as the district court." *In re Stanford*, 17 F.4th 116, 121 (11th Cir. 2021).  We review conclusions of law by the bankruptcy court and the district court de novo, and any factual findings for clear error. *Id.*

## DISCUSSION

Fox's colorable arguments on appeal are that (1) the bankruptcy court erred in dismissing his appeals and (2) the district court erred when it denied his motion to reconsider its affirmance of the bankruptcy court's dismissal.[1]  The bankruptcy court did not err by dismissing Fox's appeals of its post-hearing orders.

Under the bankruptcy rules, Fox had fourteen days to appeal the orders.  *See* Fed. R. Bankr. P. 8002(a).  Additionally, Fox was required to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within

---

[1] We observe that while we attempt to construe Fox's arguments liberally, they are hard to decipher.  His fifty-three-page brief is scattershot and appears to include snippets of prior filings.  His statement of the issues spans twelve pages and touches several topics which are not relevant to his appeal.  These include, among other things, a death penalty trial from the 1990s, his allegedly illegal firing from his job as a writing tutor, his dispute with his former counsel, and the existential threat posed by artificial intelligence.

fourteen days of noticing each appeal. Fed. R. Bankr. P. 8009(a)(1). The Southern District of Florida's local rules instruct the bankruptcy court to dismiss appeals which do not meet these requirements. *See* Bankr. S.D. Fla. 8002-1, 8009-1; S.D. Fla. Loc. R. 87.4(c).

After the hearing on Fox's motion to accept the trustee's final report as an amended plan, Fox appealed four of the bankruptcy court's orders. These were: (1) the order granting his counsel's motion to withdraw, (2) the order dismissing his bankruptcy appeal as untimely, (3) the order denying his renewed motion to waive the appellate filing fee, and (4) the order denying the motion to accept the trustee's final report as an amended plan. The first two orders were entered on October 11, 2023, and the second two orders on October 12. Fox filed his appeal on October 26. The bankruptcy court properly dismissed Fox's appeal regarding the first two orders as untimely because Fox filed his appeal more than fourteen days after they were entered. *See* Fed. R. Bankr. P. 8002(a); Bankr. S.D. Fla. 8002-1; S.D. Fla. Loc. R. 87.4(c). Fox offers no substantive argument to the contrary.

The bankruptcy court initially allowed the appeal to proceed regarding the last two orders. However, more than fourteen days passed, and Fox did not file a designation of the record items to be included on appeal or a statement of the issues to be presented. The bankruptcy court then dismissed Fox's appeal of the remaining orders for this reason. The bankruptcy court did not err because the applicable procedural rules required Fox to file these

documents and he did not do so.  *See* Fed. R. Bankr. P. 8009(a)(1); Bankr. S.D. Fla. 8009-1; S.D. Fla. Loc. R. 87.4(c).

Fox moved to strike the bankruptcy court's order in the district court, but the district court affirmed the bankruptcy court's judgment.  Fox then moved for the district court to reconsider its affirmance.  In that motion, for the first time, Fox alleged (among other things) that he did file the required documents, but that the bankruptcy court clerk ripped them up in front of him.  The district court denied Fox's motion as "frivolous" because the "appeal was properly dismissed" pursuant to the bankruptcy court's order.

We cannot say that the district court erred by denying Fox's motion to reconsider its order affirming the bankruptcy court's dismissal.  The district court had already made clear in its prior order that the appeal was properly dismissed for failing to comply with the procedural bankruptcy rules.  *See* Fed. R. Bankr. P. 8009(a)(1); Bankr. S.D. Fla. 8009-1; S.D. Fla. Loc. R. 87.4(c).  Fox offered no evidence for his novel allegation that he watched the bankruptcy court clerk rip up the documents he submitted.  He did not mention the alleged incident in his first motion to reverse the bankruptcy court's dismissal.  Despite claiming to have witnessed the event, the first time Fox referenced it was in his second motion before the district court—three months after it allegedly occurred.

While Fox repeats the allegation in this appeal, he again offers no evidence of its occurrence.  The district court considered Fox's allegation, but found that the appeal was "properly dismissed"—indicating that it did not credit Fox's allegation as factual.

Fox has not shown that finding to be clearly erroneous.  *See In re Stanford*, 17 F.4th at 121 ("A factual finding is clearly erroneous if the reviewing court examines the evidence and is 'left with the definite and firm conviction that a mistake has been made.'" (quoting *In re Feshbach*, 974 F.3d 1320, 1328 (11th Cir. 2020))).  Thus, Fox presents no basis to reverse the district court's order.

**AFFIRMED**.